UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JASE RYAN ANDERSON,<br><br>    Defendant. | Case No. 1:22-cr-00163-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jase Ryan Anderson's Motion for Rule 35 Relief. Dkt. 42. The Government has filed an opposition to the Motion. Dkt. 43. The matter is ripe for review. Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the motion is DENIED.

## II. BACKGROUND

On August 9, 2022, a federal grand jury indicted Anderson on one count of Possession with Intent to Distribute Fentanyl. Dkt. 1. Anderson eventually pleaded guilty (Dkt. 25) and, on March 27, 2023, he was sentenced by the Court (Dkt. 37). At sentencing, the Court concluded Anderson's applicable offense level was 25 and his criminal history category was VI, resulting in an advisory guideline range of 110 to 137 months imprisonment under the United States Sentencing Guidelines. Dkt. 39. After considering the factors set forth in 18 U.S.C. § 3553, the Court ultimately imposed a sentence of 110 months imprisonment with four years of supervised release to follow. Dkt. 38.

On April 10, 2023, Anderson filed a Motion to Reduce Sentence Pursuant to Rule 35. Dkt. 42. Therein, he claims the Court committed "clear error" because the sentence imposed was "excessive and unnecessary." *Id*. The Government opposes Anderson's request, asserting the Court lacks jurisdiction to make any changes to his sentence at this point and, more importantly, because his reason for making the request is not the type that would be dealt with under Rule 35.

### III. LEGAL STANDARD

"A court generally may not correct or modify a sentence of imprisonment once it has been imposed." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). "A court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id*. (quoting 18 U.S.C. § 3582(c)(1)(B)). Rule 35(a) provides that a court may correct a sentence that resulted "from arithmetical, technical, or other clear error," within fourteen days of sentencing. Fed. R. Crim. Pro. 35(a). The Ninth Circuit has held that the fourteen-day deadline is jurisdictional, which means that district courts lose the power to amend a sentence after fourteen days. *Aguilar-Reyes*, 653 F.3d at 1055.

### IV. ANALYSIS

Here, Anderson filed his Rule 35 motion on the fourteenth day after he was sentenced, but the language of the rule indicates that that is the deadline for relief itself, not just filing. In other words, the Court can correct a sentence within that timeframe, but after that, it loses jurisdiction. "[T]he fourteen-day period to correct a sentence for arithmetical, technical, or other clear error is jurisdictional, and [] a district court cannot

MEMORANDUM DECISION AND ORDER - 2

adjust a sentence outside of the fourteen-day window even if the Rule 35(a) motion is filed within that window." *United States v. JDT*, 762 F.3d 984, 1005 (9th Cir. 2014).

Here, the fourteen-day window has long since closed. As such, the Court lacks jurisdiction to decide Anderson's Motion. Even if the Court had jurisdiction to correct Anderson's sentence, it would not. There was no clear error here.

As the advisory committee notes explain, Rule 35(a) does not provide a vehicle for courts to reconsider the appropriateness of the sentence imposed:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence . . .. [Subsection (a)] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35 advisory committee's notes, 1991 Amendment.

Here, Anderson does not argue that the sentence is technically, arithmetically, or even legally incorrect; instead, he argues his sentence is clearly erroneous because it is excessive and unnecessary. Dkt. 42. But even if this were true, this argument goes to the appropriateness of the Court's sentence and thus falls outside the ambit of Rule 35(a).

If Anderson has a grievance with his sentence, the proper route is to appeal or bring a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582. But not under Criminal Rule 35.

In this case, the Court did not commit any error that needs to be remedied. It sentenced Anderson to the very bottom of the applicable guideline range and explained its reasons for doing so on the record. Anderson may disagree, but he cannot challenge the

Court's sentence via this type of motion.

## V. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Anderson's Motion for Rule 35 Relief (Dkt. 42) is **DENIED**.

DATED: August 21, 2023

_____
David C. Nye
Chief U.S. District Court Judge